UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL A. RADY, | ) | CASE NO. 1:09CV1870 |
|     Plaintiff, | )<br>)<br>) | MAGISTRATE JUDGE<br>GEORGE J. LIMBERT |
| v. | )<br>) | |
| COMMISSIONER OF<br>SOCIAL SECURITY, | )<br>)<br>) | **MEMORANDUM OPINION<br>AND ORDER** |
|     Defendant. | ) | |

Michael A. Rady ("Plaintiff") seeks judicial review of the final decision of Michael J. Astrue ("Defendant"), Commissioner of the Social Security Administration ("SSA"), denying his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). ECF Dkt. #1. For the following reasons, the undersigned AFFIRMS the Commissioner's decision:

I.  **PROCEDURAL AND FACTUAL HISTORY**

On February 28, 2005, Plaintiff filed an application for DIB. Tr. at 82-84. Plaintiff's application was denied initially and on reconsideration. Tr. at 60-67. On February 27, 2008, Plaintiff filed an application for SSI, which was joined with his pending DIB application. *Id*. at 506-09.

On March 4, 2008, an ALJ conducted an administrative hearing where Plaintiff was represented by counsel. Tr. at 510-29. At the hearing, the ALJ heard testimony from Plaintiff. *Id*. On April 7, 2008, the ALJ issued a Notice of Decision – Unfavorable. *Id*. at 42-56. On April 10, 2008, Plaintiff filed a request for review of the ALJ's decision. *Id*. at 27. On July 15, 2008, the Appeals Council issued an order remanding the case to the ALJ for a new administrative hearing. *Id*. at 20-24. On October 27, 2008, the ALJ conducted another hearing, where Plaintiff was represented by counsel. *Id*. at 530-51. The ALJ heard testimony from Plaintiff and Barbara Burk, a vocational expert. *Id*. On March 23, 2009, the ALJ issued a Notice of Decision – Unfavorable. *Id*. at 12-12N. The Appeals Council denied Plaintiff's request for review. *Id*. at 9-11.

On August 11, 2009, Plaintiff filed the instant lawsuit. ECF Dkt. #1. On January 18, 2010, Plaintiff filed a brief on the merits. ECF Dkt. #16. On April 9, 2010, Defendant filed a brief on the merits. ECF Dkt. #19. Plaintiff has not filed a reply. *See* ECF Docket.

## II.     SUMMARY OF RELEVANT PORTIONS OF THE ALJ'S DECISION

The ALJ found that Plaintiff had the following severe impairments: anxiety disorder, alcohol addiction, depression, osteoarthritis, and degenerative disorders of the back. Tr. at 12E. The ALJ determined that Plaintiff did not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("Listings"). *Id*. The ALJ next determined that Plaintiff had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b), except that he cannot relate at all to peers, supervisors or the public; cannot withstand the stress of daily work activity; cannot remember and carry out detailed instructions; cannot work at all without distraction [sic] or make work related decisions; cannot accept at all, criticism or instructions; cannot respond to all work changes; no complex or simple repetitive tasks; low stress work; no high production quotas or piece work; no work involving the supervision of others or the health and safety of others; no work involving arbitration, negotiation or confrontation; should have minimal contact only with supervisors; and none with the public and coworkers. *Id*. at 12F. The ALJ determined that Plaintiff could not perform his past relevant work, and no jobs existed in significant numbers in the national economy that Plaintiff could perform. *Id*. at 12H.

The ALJ went on to determine that if Plaintiff stopped substance use, Plaintiff would continue to have severe impairments and would still not meet or medically equal a listing. Tr. at 12 I. The ALJ found that if Plaintiff stopped substance use, Plaintiff would have the RFC to perform light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b), except that he can frequently use a ramp or stairs, but never a ladder, rope or scaffold; he can frequently balance, stoop, kneel, crouch and crawl; but he should avoid smoke, fumes, hazards and heights; he is able to understand and carry out short simple instructions; maintain attention and do simple repetitive tasks; withstand stress of daily work activity and can remember location and procedures, but he cannot remember or carry out detailed instructions, but can carry out activities within a schedule and do an ordinary routine independently; he can work without distraction and make work related decisions, but would have

difficulty asking questions or seeking assistance; he is able to accept instructions, but infrequent criticism; he is able to respond to work changes as long as they are not frequent; is aware of hazards and precautions and can travel and use public transportation; can set goals and plans on his own; but cannot engage in work involving fiduciary or fiscal responsibilities; and can only do low stress work, no high production quotas or piece work; no work involving the supervision of others or work involving the responsibility for the health safety or welfare of other persons; no arbitration, negotiation or confrontation; he should have minimal interpersonal interactions with coworkers and supervisors and none with the public. *Id*. at 12J. The ALJ determined that Plaintiff would still not be able to perform his past relevant work, but Plaintiff would be capable of making a successful adjustment to work that exists in significant numbers in the national economy. *Id*. at 12M. Accordingly, the ALJ determined that Plaintiff's substance use is a contributing factor material to the determination of disability and Plaintiff is therefore not disabled. *Id*. at 12N.

### III. STEPS TO EVALUATE ENTITLEMENT TO SOCIAL SECURITY BENEFITS

#### A. The Standard Five-Step Process

An ALJ must proceed through the required sequential steps for evaluating entitlement to disability insurance benefits. These steps are:

1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b) and 416.920(b) (1992));

2. An individual who does not have a "severe impairment" will not be found to be "disabled" (20 C.F.R. §§ 404.1520(c) and 416.920(c) (1992));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement, see 20 C.F.R. § 404.1509 and 416.909 (1992), and which meets or is equivalent to a listed impairment in 20 C.F.R. Pt. 404, Subpt. P, App. 1, a finding of disabled will be made without consideration of vocational factors (20 C.F.R. §§ 404.1520(d) and 416.920(d) (1992));

4. If an individual is capable of performing the kind of work he or she has done in the past, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e) and 416.920(e) (1992));

5. If an individual's impairment is so severe as to preclude the performance of the kind of work he or she has done in the past, other factors including age, education, past work experience and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. §§

> 404.1520(f) and 416.920(f) (1992)).

*Hogg v. Sullivan*, 987 F.2d 328, 332 (6th Cir. 1992). The claimant has the burden to go forward with the evidence in the first four steps and the Commissioner has the burden in the fifth step. *Moon v. Sullivan*, 923 F.2d 1175, 1181 (6th Cir. 1990).

### B. Review of Cases Involving Substance-abuse

Under the applicable federal law, drug addiction or alcoholism may not be a material contributing factor to a disability finding. *Bartley v. Barnhart*, 117 Fed.Appx. 993, 998 (6th Cir. Dec. 20, 2004), unreported, citing Pub.L. No. 104-121 § 105(a)(1); *see also* 42 U.S.C. §§ 423(d)(2)(C), 1382c(a)(3)(J); H.R. 104-379, 104th Cong., 1995 WL 717402 (Leg.Hist.) at *20 (Dec. 4, 1995).

The Regulations provide for the following procedure to determine if drug addiction or alcoholism is material to the determination of disability:

> How we will determine whether your drug addiction or alcoholism is a contributing factor material to the determination of disability.
>
> > a) General. If we find that you are disabled and have medical evidence of your drug addiction or alcoholism, we must determine whether your drug addiction or alcoholism is a contributing factor material to the determination of disability.
> >
> > (b) Process we will follow when we have medical evidence of your drug addiction or alcoholism.
> >
> > > (1) The key factor we will examine in determining whether drug addiction or alcoholism is a contributing factor material to the determination of disability is whether we would still find you disabled if you stopped using drugs or alcohol.
> > >
> > > (2) In making this determination, we will evaluate which of your current physical and mental limitations, upon which we based our current disability determination, would remain if you stopped using drugs or alcohol and then determine whether any or all of your remaining limitations would be disabling.
> > >
> > > > (i) If we determine that your remaining limitations would not be disabling, we will find that your drug addiction or alcoholism is a contributing factor material to the determination of disability.
> > > >
> > > > (ii) If we determine that your remaining limitations are disabling, you are disabled independent of your drug addiction

>> or alcoholism and we will find that your drug addiction or alcoholism is not a contributing factor material to the determination of disability.

20 C.F.R. § 404.1535. In other words, if the ALJ completes the five-step process outlined in section III.A., above and determines that a claimant is disabled with substance use, the ALJ must then proceed to complete a second five-step analysis in order to determine if the claimant would remain disabled without substance use. *See Underwood v. Commissioner of Social Sec.*, No. 4:08-CV-2540, 2010 WL 424970 at *6, *10 (N.D.Ohio Jan 22, 2010). The claimant has the burden of proving that substance abuse is not a factor material to the determination of disability. *Estes v. Barnhart*, 275 F.3d 722, 725 (8th Cir.2002); *Brown v. Apfel*, 192 F.3d 492, 498 (5th Cir.1999).

## IV. STANDARD OF REVIEW

Under the Social Security Act, the ALJ weighs the evidence, resolves any conflicts, and makes a determination of disability. This Court's review of such a determination is limited in scope by § 205 of the Act, which states that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Therefore, this Court's scope of review is limited to determining whether substantial evidence supports the findings of the Commissioner and whether the Commissioner applied the correct legal standards. *Abbott v. Sullivan*, 905 F.2d 918, 922 (6th Cir. 1990). The Court cannot reverse the decision of an ALJ, even if substantial evidence exists in the record that would have supported an opposite conclusion, so long as substantial evidence supports the ALJ's conclusion. *Walters v. Comm'r of Soc. Sec.,* 127 F.3d 525, 528 (6th Cir.1997). Substantial evidence is more than a scintilla of evidence, but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). It is evidence that a reasonable mind would accept as adequate to support the challenged conclusion. *Id.*; *Walters,* 127 F.3d at 532. Substantiality is based upon the record taken as a whole. *Houston v. Sec'y of Health and Human Servs.*, 736 F.2d 365 (6th Cir. 1984).

## V. ANALYSIS

### A. Whether the ALJ erred in considering Dr. Clegg's opinion

Plaintiff first contends his treating psychiatrist, Dr. Clegg, has completed three assessments

of mental functioning, which all document limitations precluding substantial gainful work activity. ECF Dkt. #16 at 10. Plaintiff contends that the ALJ improperly discounted Dr. Clegg's opinions. *Id*.

An ALJ must adhere to certain standards when reviewing medical evidence in support of a claim for social security. Most importantly, the ALJ must generally give greater deference to the opinions of the claimant's treating physicians than to those of non-treating physicians. SSR 96-2p, 1996 WL 374188 (July 2, 1996); *Wilson*, 378 F.3d at 544. A presumption exists that the opinion of a treating physician is entitled to great deference. *Id.*; *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 243 (6th Cir. 2007). Accordingly, if that presumption is not rebutted, the ALJ must afford controlling weight to the opinion of the treating physician if that opinion regarding the nature and severity of a claimant's conditions is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in [the] case record." *Wilson,* 378 F.3d at 544. "The determination of disability is [ultimately] the prerogative of the [Commissioner], not the treating physician." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) quoting *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir.1985). When an ALJ determines that a treating physician's opinion is not entitled to controlling weight, he must consider the following factors in determining the weight to give to that opinion: the length, frequency, nature, and extent of the treatment relationship; the supportability and consistency of the physician's conclusions; the specialization of the physician; and any other relevant factors. *Id.*

If an ALJ decides to discount or reject a treating physician's opinion, he must provide "good reasons" for doing so. SSR 96-2p. The ALJ must provide reasons that are "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Id.* This allows a claimant to understand how his case is determined, especially when he knows that his treating physician has deemed him disabled and he may therefore " 'be bewildered when told by an administrative bureaucracy that he is not, unless some reason for the agency's decision is supplied.' " *Wilson,* 378 F.3d at 544 quoting *Snell v. Apfel*, 177 F.3d 128, 134 (2d Cir.1999). Further, it "ensures that the ALJ applies the treating physician rule and permits meaningful appellate review of the ALJ's application of the rule." *Id.* If

an ALJ fails to explain why he rejected or discounted the opinions and how those reasons affected the weight accorded the opinions, this Court must find that substantial evidence is lacking, "even where the conclusion of the ALJ may be justified based upon the record." *Rogers,* 486 F.3d at 243, citing *Wilson*, 378 F.3d at 544.

In contending that the ALJ erred, Plaintiff reasons that Dr. Clegg acknowledged his use of alcohol and based her opinions upon a three year history of monthly psychiatric examinations. ECF Dkt. #16 at 10. Plaintiff further contends that Dr. Clegg repeatedly noted that his alcohol use increased proportionately with his anxiety. *Id*.

Plaintiff's argument lacks merit because the ALJ appropriately considered the limitations of Plaintiff's impairments during periods of sobriety. The Court first notes that the ALJ considered Listing 12.09, which pertains to substance abuse, and found that it had not been met. Tr. at 12E. Listing 12.09 is structured as a reference listing; that is, it will *only* serve to indicate which of the *other* listed mental or physical impairments *must be used* to evaluate the behavioral or physical changes resulting from the regular use of addictive substances. 20 C.F.R. 404, Subpart P, Appendix 1, § 12.00 (emphasis added). "Under Listing 12.09, an individual is disabled for substance addiction if he can show one of several cross-listed mental or physical impairments related to the addiction." *Rutter v. Secretary of Health and Human Services*, No. 89-4092, 914 F.2d 1495 (Table), 1990 WL 140583 at *4 (6th Cir. Sept. 27, 1990), unreported; *see also Gooch v. Secretary of Health & Human Services*, 833 F.2d 589, 591 (6th Cir. 1987)(an ALJ is not required to individually discuss each element of the record in considering listings, so long as he demonstrates that he has considered the totality of the record.). The ALJ found that Plaintiff did not meet any other listings, and Plaintiff does not challenge this finding. Therefore, any argument contending that Plaintiff meets another listing is waived. *See Heston v. Commissioner of Social Sec.*, 245 F.3d 528, 534-35 (6th Cir. 2001) (arguments not raised in the district court are deemed to be waived). Further, any argument that Plaintiff meets listing 12.09 or another listing based purely on alcohol dependence is meritless. *See Rutter,* 1990 WL 140583 at *4; *Carringer v. Astrue*, No. 3:08-CV-514, 2010 WL 446940 at *5 (E.D.Tenn., Feb. 2, 2010), slip op.; *Vorholt v. Astrue*, Civil No. 08-206-ART, 2009 WL 3061995 (E.D.Ky., Sept. 22, 2009) (substance abuse is not a legally recognized disability).

The ALJ conducted a second Five-Step inquiry on the premise that Plaintiff would stop substance abuse. Tr. at 12I-12N. This is precisely what he was required to do under Sixth Circuit precedent. *See Bartley*, 117 Fed.Appx. at 998 ("In accordance with this restriction, the ALJ looked to periods of sobriety in the record to determine whether Bartley suffers from a work-limiting mental illness independent of substance abuse. That analysis is fully consistent with 20 C.F.R. § 416.935. . ."); *Underwood*, 2010 WL 424970 at *10 ("the ALJ appropriately conducted a second Five-Step analysis excluding Underwood's substance abuse. . ."). Therefore, Plaintiff's assertion that his alcohol use increases with anxiety is unavailing. The ALJ followed proper procedure.

Notably in *Bartley*, the court found an eight month period of sobriety to be sufficient for an ALJ to assess the claimant's abilities independent of alcohol use. *Bartley*, 177 Fed.Appx. at 998. In this case, the ALJ noted that Plaintiff had been sober from January 20, 2005 until April 5, 2005. Tr. at 12L. Although the period does not amount to eight months, it was sufficient for the ALJ to detail Plaintiff's activities during a period of sobriety, such as: going through his bills, complying with medication and sleeping at night, experiencing decreased anxiety, meeting with a public defender, and going to housing court. *Id*.

The ALJ noted that Plaintiff continued to consume alcohol against Dr. Clegg's advice. Tr. at 12M. The ALJ also found that Dr. Clegg's April 5, 2005 opinion was not "reflected" by her documentation. *Id*. at 12L. Her opinion was obviously reflected in the records (*see* Tr. at 367-69); the ALJ apparently meant that it was not "supported" by her documentation. Aside from this choice of language, the Court finds that substantial evidence supports that ALJ's decision during the second Five-step analysis because there is no indication that the April 5, 2005 opinion addressed only a period of sobriety. Again, at this stage in the analysis, the ALJ's inquiry was restricted to Plaintiff's limitations if he were to stop substance abuse. *Bartley*, 117 Fed. Appx. at 998, *discussed supra*. Therefore, treating source opinions are only probative insofar as they address the same scope. One district court reversed an ALJ's decision to discount a treating physician's opinion that did not mention substance abuse. *Loveland v. Astrue*, --- F.Supp.2d ----, 2010 WL 3362907 at *11 (E.D.Mo. Aug. 25, 2010) slip op. Unlike the case at bar, however, the district court in *Loveland* remanded because the medical source statement contained explicit instructions for the doctor to describe only

-8-

the limitations that would remain if the claimant stopped using drugs and alcohol. *Id.* (the MSS read: "If your patient suffers from either drug addiction or alcoholism, please describe only the patient's limitations that would remain if the patient stopped using drugs or alcohol."). The opinions in the case at bar are not limited in the same way. *See* Tr. at 367-69, 433-34, 469-70. In fact, Dr. Clegg noted that Plaintiff had been using alcohol to decrease anxiety. *Id*. at 367.

Unlike the medical source in *Loveland*, there is no indication that Dr. Clegg's other opinions were made on the assumption that Plaintiff would stop substance abuse. *See* Tr. at 433-34, 469-70. Contrary to Plaintiff's assertion, Dr. Clegg's opinions do not indicate a supporting basis or scope. Plaintiff contends that the ALJ failed to acknowledge that Dr. Clegg continued to "assess Mr. Rady's functioning as severely limited" despite what she felt to be a partial remission of any alcohol disorder. ECF Dkt. #16 at 11 citing Tr. at 478. First, it is not clear what Dr. Clegg meant by "partial remission." It is unclear whether this term meant Plaintiff had been sober for a brief period or was drinking only a small amount. What is clear is that he was not in "remission." Further, there is no indication that the scope of those opinions was restricted to a period of partial remission or sobriety or otherwise limited to Plaintiff's vocational abilities if he were to stop substance abuse. *See* Tr. at 433-34, 469-70. Dr. Clegg's assessment of limiting functions could have been taking periods of alcohol abuse into account even if the opinion was made during a period of partial remission. While it may have been desirable for the ALJ to explicitly address those opinions, the Court finds that these medical opinions do not address the subject matter of the second Five-step analysis. Accordingly, remand is not necessary.

      **B.**    **Whether the ALJ erred in not finding Duputryen's Contracture to be a severe impairment.**

Plaintiff contends that the ALJ erred in failing to find his diagnosis of Duptryen's Contracture and right rotator cuff tendinitis as severe impairments. ECF Dkt. #16 at 12.

Generally an error by the ALJ in this regard is harmless. The Sixth Circuit held in *Maziarz v. Secretary of Health & Human Services*, 837 F.2d 240, 244, (6th Cir. 1987), that an ALJ's finding of non-severity of a condition could not constitute reversible error where the ALJ found other impairments to be severe. The *Maziarz* court reasoned that, upon determining that a claimant has

one severe impairment, the regulations require the Secretary to continue with the remaining steps in his disability evaluation as outlined above. *Id*.; *see also Fisk v. Astrue*, 253 Fed.Appx. 580, 2007 WL 3325869, (6th Cir. Nov. 9 2007), unreported ("Because the ALJ considered these impairments when determining Fisk's residual functional capacity, we find it unnecessary to decide whether the ALJ erred in classifying the impairments as non-severe at step two.") (internal quotation omitted);

The ALJ in this case proceeded through the Five-step analysis and found Plaintiff to be disabled, and then he completed a second Five-step analysis on the assumption that Plaintiff would stop using alcohol.

Plaintiff has not demonstrated how these conditions would affect his ability to work. *See* ECF Dkt. #16 at 12-14. Plaintiff merely stated that the medical evidence and his testimony support a finding that "the diagnosis of Duputryen's Contracture results in limitations on Plaintiff's ability to use his dominant hand and to use his hand free of pain." *Id*. at 13-14. A diagnosis standing alone is insufficient to establish entitlement to disability benefits. *Anderson v. Sullivan*, 911 F.2d 731 (Table), 1990 WL 116539 at *7 (6th Cir. 1990) unreported; *Foster v. Bowen*, 853 F.2d 483, 489 (6th Cir.1988). "An individual must establish that the condition is disabling." *Id*. Further, on appeal to the district court, Plaintiff has the burden of demonstrating that harm resulted from any purported error that the ALJ committed. *Shinseki v. Sanders,* 129 S.Ct. 1696, 1705-06 (2009). Plaintiff has not described or quantified these purported limitations, let alone allege that they are significant or disabling. Since Plaintiff has not met his burden, this claim is dismissed with prejudice.

## VI. CONCLUSION

For the foregoing reasons, the Court AFFIRMS the Commissioner's decision and DISMISSES the instant case in its entirety with prejudice.

DATE: September 20, 2010        */s/George J. Limbert*
       GEORGE J. LIMBERT
       UNITED STATES MAGISTRATE JUDGE